O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN DILLEY,<br><br>　　　　　Plaintiff,<br>　v.<br>C.R. BARD INC.; DAVOL INC.; DOES 1–100, inclusive,<br><br>　　　　　Defendants. | Case No. 2:14-cv-00258-ODW(ASx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

On January 10, 2014, Defendants C.R. Bard Inc. and Davol Inc. removed this case to this Court, ostensibly invoking diversity jurisdiction under 28 U.S.C. § 1332. But after considering Defendants' Notice of Removal, the Court finds that Defendants have failed to adequately allege Plaintiff Ken Dilley's citizenship sufficient to establish diversity jurisdiction. The Court therefore **REMANDS** this case to Los Angeles County Superior Court, case number NC058718.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may only remove a suit filed in state court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal "jurisdiction must be rejected if there is any doubt as to the right of removal in the

first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). For complete-diversity purposes, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

In its Notice of Removal, Defendants allege that "Plaintiff is a citizen and resident of the State of California. *See* Complaint ¶ 2." (Not. of Removal ¶ 11; *see also* Ex. A, ¶ 2.) But Plaintiff did not admit in his Complaint that is a California citizen; rather, he admits that he is "a *resident* of the County of Orange, State of California." (Not. of Removal Ex. A, ¶ 2 (emphasis added).) While a party's residence may be prima facie evidence of that party's domicile when an action is brought in federal court in the first instance, *see State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), mere residence allegations do not suffice to establish citizenship on removal in light of the strong presumption against removal jurisdiction. *See Kanter*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.

Neither do Defendants cite any objective facts to establish that Dilley is a California citizen, such as "voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of

spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Left with just a bare, inadequate residency allegation, the Court finds that Defendants have not competently established that this Court has diversity jurisdiction over this case. The Court therefore **REMANDS** this case to the Los Angeles County Superior Court, case number NC058718. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

January 17, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

cc: order, docket, remand letter to Los Angeles Superior Court,
South District, Long Beach, No. NC058718